MULLOY v. WAYNE COUNTY BOARD OF SUPERVISORS.

1. Statutes—Specified Population May be Basis of Classification if Reasonable and Logical.

A specified population may be made the test of the applicability of a general legislative act, if it is a reasonable and logical basis of classification, considering the subject of legislation, and under such conditions the act will not be construed to be invalid as local legislation, but where the subject of legislation is such that population has no obvious relation to the purpose sought to be accomplished, an attempt to make the application of the act dependent on population is unwarranted and amounts to local legislation.

2. Same—Classification Must be Based on Real Differences.

The classification must be based on substantial and real differences in the classes which are germane to the purpose of the law and reasonably suggest the propriety of substantially different legislation, the legislation must apply to each member of the class, and the classification must not be based on existing circumstances only, but must be so framed as to include in the class additional members as fast as they acquire the characteristics of the class.

3. SAME—CONSTITUTIONAL LAW—CIVIL SERVICE COMMISSION—LOCAL
ACTS—REFERENDUM.

> Act No. 390, Pub. Acts 1927, providing for a civil service com-
> mission in counties having a population of 300,000 or more,
> which is so framed that it is applicable to only one county
> and cannot be made applicable to other counties as they ac-
> quire said population, and which by its terms makes clear that
> it is not intended to be put in force in other counties, is a local
> act, and, containing no provision for a referendum, is in viola-
> tion of section 30, art. 5, of the Constitution.

Appeal from Wayne; Browne (Clarence M.), J.,
presiding.   Submitted January 31, 1929.   (Docket
No. 51, Calendar No. 34,116.)   Decided June 3, 1929.

Bill by John H. Mulloy as resident, citizen, and
taxpayer of Wayne county against the Wayne
County Board of Supervisors and others to enjoin
defendants from instituting civil service under Act
No. 390, Pub. Acts 1927.  Certain county employees
were permitted to intervene and become parties de-
fendant.   From decree dismissing plaintiff's bill,
plaintiff appeals.  Reversed, and relief prayed for
granted.

*Edward N. Barnard,* for plaintiff.

*James E. Chenot,* Prosecuting Attorney, and
*Frank B. Ferguson,* for defendants.

*Stevenson, Butzel, Eaman & Long (John C. Bills,*
of counsel), for interveners.

NORTH, C. J.   The plaintiff herein, a resident, citi-
zen, and taxpayer of Wayne county, seeks by this
bill in chancery to enjoin the defendants from insti-
tuting civil service among certain employees of
Wayne county under the provisions of Act No. 390,
Pub. Acts 1927.  The act is somewhat lengthy, and

we will not attempt a detailed recital of its various provisions. Suffice it to note that it provides for three civil service commissioners to be paid on a *per diem* basis, for classification of county officers and employees, the continuation in office of certain classes, the appointment to, the promotion in, and removal from, classified civil service positions; it regulates and restricts political activities of civil service officers and employees, and specifies a penalty for violations of its provisions.

The plaintiff alleges the act is unconstitutional. This is denied by the defendants. The act was held valid by the circuit court, the bill of complaint was dismissed, and plaintiff has appealed. The constitutionality of this act is assailed on several grounds, among them the following:

"The act violates article 5, section 30, Michigan Constitution, because it is a local or special act, though a general act could have been passed, and no provision for referendum is contained therein, nor was any referendum had thereon. * * * It does not by a fair construction and interpretation contemplate, or make any provision for, inclusion within it of counties which may attain a population of 300,000 or more subsequent to April 1, 1928."

Article 5, § 30, of the Constitution (as amended in 1916) provides:

"The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act, excepting acts repealing local or special acts in effect January 1, 1909, and receiving a two-thirds vote of the legislature shall take effect until approved by a majority of the electors voting thereon in the district to be affected."

Is this a local act? By its title and by section 1 it is made applicable to all counties having a population of 300,000 or over. Wayne county is the only county in Michigan which has a population of 300,000 or more. Next in population is Kent county, and the record contains testimony from which it may fairly be concluded that Kent will not attain a population of 300,000 before 1937. The next most populous county in the State is Genesee, and the record contains proof of an estimate that by the year 1940 its population will be substantially 241,000, which is 59,000 less than that necessary to make this act operative in Genesee county. Clearly, because of its provision as to population, the act applies to Wayne county only. If it is a reasonable and logical basis of classification, considering the subject of legislation, unquestionably a specified population may be made the test of the applicability of a general legislative act; and under such conditions the act will not be construed to be invalid as local legislation. *Hayes* v. *Auditor General,* 184 Mich. 39. But where the subject of legislation is such that population has no obvious relation to the purpose sought to be accomplished, an attempt to make the application of the legislative act dependent on population is unwarranted and amounts to local legislation. *Attorney General* v. *Lacy,* 180 Mich. 329.

It is here urged by the appellant that the requirement of a population of 300,000 in this act is an arbitrary provision designed solely to make the act local in fact and applicable to Wayne county only. It is conceded that civil service as outlined in the act could not be made applicable in an advantageous way to counties of small population; but it is contended that there is no justifiable reason for an attempt to apply it to counties of the population of 300,000 or more and in not applying it to other so-called metro-

politan counties, such as Kent and Genesee. It is argued that the need of legislation providing for civil service in these counties exists the same as in a county of 300,000 population; that it may differ in degree but not in kind; and there is not such a substantial difference as justifies the classification made in the act. This argument is not wholly lacking in force and applicability; but we think the record now before us would not justify a determination that the act is invalid on this ground alone. However, it may be noted in passing that the Supreme Court of Wisconsin (in a case very much relied upon by the appellees) has sustained a law providing for a civil service commission in every county in that State having a population of over 200,000. This is of consequence only in that it seems to be somewhat indicative of plaintiff's claim that civil service is applicable to metropolitan communities having a population of less than 300,000. *State* v. *Buech,* 171 Wis. 474 (177 N. W. 781).

It is pointed out by the appellant that the act itself contains provisions which show conclusively that, when it was passed by the legislature, it was known to be and intended to be of local application only; and by its terms it is so framed that it can never become operative in any county other than Wayne. The following are some of the provisions of the act upon which this claim is based:

(1) The title to the act reads in part:

"An act to establish and provide a civil service commission in and for counties having a population of 300,000 or more."

This provision is also embodied in section 1:

"In all counties having a population of 300,000 or more, there shall be a civil service commission."

There was only one county (Wayne) in Michigan that had the specified population at the time the act was passed; and no provision is made in the act by which it will become effective in other counties as they attain the required population.

(2) Section 2 of the act in part provides:

"The board of supervisors shall, *within 90 days after this act shall take effect,* appoint three electors of the county as members of the commission to take office as soon as appointed and qualified; one to serve *until the first Monday after the first day in January, 1929; one to serve until the first Monday after the first day in January, 1931; and one until the first Monday after the first day in January, 1933.*"

Since no county in Michigan other than Wayne will have the required population for a number of years, it is obvious that the italicized portion of section 2 could never become applicable to any other county; and the act contains no other provision whereby the method or time of putting it into operation in any other county attaining a population of 300,000 is specified. It evidently was framed for no other county than the one then containing a population in excess of 300,000, and was not intended to become operative in other counties as they reached the required population, otherwise some method and some time would have been specified by which the act could be put in force in these other counties. This is also indicated by the following provisions of section 8:

"All appointive officers and employees of the county or any subdivision thereof at the time this act shall take effect, * * * shall hold their positions until discharged * * * in accordance with the provisions of this act. * * * All employees now authorized by law to be employed in any

county office or department for seasonal employ-
ment, who shall have been in such employment of the
county for two successive seasons immediately prior
to the time this act shall take effect, shall be included
in the classified civil service, and be eligible for ap-
pointment to such seasonal occupation without ex-
amination.''

As bearing upon the validity of an act containing
the foregoing provisions, the following authorities
are pertinent:

''The classification must be based upon substan-
tial and real differences in the classes, which are
germane to the purpose of the law and reasonably
suggest the propriety of substantially different legis-
lation, the legislation must apply to each member of
the class, and the classification must not be based on
existing circumstances only, but must be so framed
as to include in the class additional members as fast
as they acquire the characteristics of the class.''
*Bingham* v. *Board of Supervisors*, 127 Wis. 344
(106 N. W. 1071).

''The classification should be prospective, calcu-
lated to embrace any change in population or cir-
cumstances, and should be complete, covering all
kinds of subjects dealt with.''    36 Cyc. 1006.

See, also, *State* v. *Henry* (*Decker* v. *Daudt*), 74
N. J. Law, 790 (67 Atl. 375), and *State* v. *Ritt,* 76
Minn. 531 (79 N. W. 535).

In the case last above cited, the court reviewed an
act providing for a county assessor in counties hav-
ing a population of not less than 100,000 nor more
than 185,000.   The act was passed in 1899 (Laws of
Minnesota, 1899, chap. 140), and section 6 reads:

''The board of county commissioners of such
county shall at their first meeting after the passage
of this act, nominate and appoint a county assessor,

who shall fill such office  *  *  *  *until the next general election to be held in the month of* November, 1900, and until his successor is elected and qualified.''

Of this provision, the court said:

''In view of what has been said, it becomes unnecessary to consider section 6 of the act (the very one under which respondent obtained his appointment) except to say that in any event it would be invalid, for the reason that by its very terms it could never apply to any county which might come into the class subsequent to the annual election in November, 1900.''   *State* v. *Ritt, supra,* citing *Burnham* v. *City of Milwaukee,* 98 Wis. 128 (73 N. W. 1018).

On this phase of the case, appellees' counsel have stated in their brief:

''We agree with counsel for plaintiff that it is essential to the validity of a statute like the one here involved, that it be so worded as to apply prospectively to all counties that may hereafter achieve a population of more than 300,000. Also, that the evidence in the case indicates that Kent county will probably reach that point in 1936 or 1937, and that other counties are likely to reach it later. But we do not agree with counsel that a proper interpretation of this law indicates that it is not intended to apply to any county that may hereafter reach the designated population.''

The wording of the title and of section 1 alone might not be sufficient to necessitate a holding that the act could not be made applicable to any county other than Wayne, and is, therefore, a local act; but we are of the opinion that the act as a whole is so framed that it cannot be made applicable to other counties as they acquire a population of 300,000 or

more; and that by its very terms it is made clear it was not intended the act should be put in force in such other counties. No provision is made in the act for so doing. No other conclusion can be reached than that it is local legislation applicable to Wayne county only. The act contains no provision for a referendum, and it has not been submitted to a vote in Wayne county. It violates section 30, art. 5, of the Constitution, and must be held invalid.

Other constitutional objections urged against this act are: (1) That the object of the act is not expressed in the title; (2) that it impairs contractual obligations incident to official bonds; and (3) that section 12 contravenes the free speech clause of the Constitution (art. 2, § 4), in that this section unduly restricts civil service employees and officers in the exercise of their political rights. Inasmuch as the decision of the case is controlled by the question above considered, and also in view of the fact that the appellees seem to have admitted the invalidity of section 12 in their brief, we forego a further discussion of the questions presented.

The decree taken in the circuit court will be set aside, and one entered here granting the relief prayed in the bill of complaint, with costs to the appellant.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.