CITY OF DEARBORN v. WAYNE COUNTY BOARD OF SUPERVISORS.

1. Constitutional Law—Statutes—Classification—Population —Municipal Corporations.

To sustain a statute, containing classification of municipalities based on population, as constitutional, classification must have a reasonable relation to the purpose of the statute (Const. 1908, art. 5, § 30).

2. Same—General Statutes—Classification—Population—Municipal Corporations.

To sustain constitutionality of statute as a general law where classification of municipalities is made upon basis of population, it must apply to all other municipalities if and when they attain the statutory population (Const. 1908, art. 5, § 30).

3. Same—Statutes—Practical Operation.

Statute relating to a certain class must meet tests as to constitutionality through practical operation of its provisions as the Constitution cannot be circumvented by the subterfuge of couching a law in general terms (Const. 1908, art. 5, § 30).

4. Statutes—Constitutional Law—Board of Supervisors—Municipal Corporations.

Proviso of statute relating to representation of cities upon boards of supervisors of counties in which there are 75 or more city members under preceding provisions of the statute held, constitutional as a general law in so far as it would permit applica-

---

* See 2 Comp. Laws 1929, § 8451.—Reporter.

tion to any county which would come within the class in the future although it is conceded to apply to but one county at present (Const. 1908, art. 5, § 30; 1 Comp. Laws 1929, § 2263, as amended by Act No. 131, Pub. Acts 1935).

5. SAME—ARBITRARY CLASSIFICATION—POPULATION—MUNICIPAL CORPORATIONS—BOARD OF SUPERVISORS.

Proviso of statute establishing representation of cities with population of 500,000 or more as 57 per cent. of total city membership of board of supervisors *held,* unconstitutional as establishing an absolute representation on the board regardless of the relative population of the favored city to that of the county at large and because of the impossibility of two cities of 500,000 or more population in the same county having such a representation (Const. 1908, art. 5, § 30; 1 Comp. Laws 1929, § 2263, as amended by Act No. 131, Pub. Acts 1935).

6. SAME—LAUDABLE PURPOSE—CONSTITUTIONAL LAW.

A laudable purpose does not validate an unconstitutional statute.

7. SAME—LOCAL BENEFITS—REFERENDUM—GENERAL ACTS.

If a local benefit is sought without referendum, the law must be general in both terms and operation (Const. 1908, art. 5, § 30).

8. SAME—CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—BOARD OF SUPERVISORS.

Act No. 131, Pub. Acts 1935, amending 1 Comp. Laws 1929, § 2263, by adding proviso fixing representation of cities, having 500,000 or more population, at 57 per cent. of city membership on boards of supervisors having 75 or more city members in accordance with preceding provisions *held,* a local act in purpose and effect and unconstitutional because of failure to provide for a referendum (Const. 1908, art. 5, § 30).

9. COSTS—MUNICIPAL CORPORATIONS—REPRESENTATION ON BOARD OF SUPERVISORS—PUBLIC QUESTION.

No costs are awarded in suit between municipal corporations for declaration of rights under statute governing representation on board of supervisors, a public question being involved (1 Comp. Laws 1929, § 2263, as amended by Act No. 131, Pub. Acts 1935).

Appeal from Wayne; Richter (Theodore J.), J. Submitted March 23, 1936. (Docket No. 135, Calendar No. 38,949.) Decided April 6, 1936.

Petition by City of Dearborn and other municipal corporations against Wayne County Board of Supervisors, County of Wayne, a municipal corporation, and City of Detroit, a municipal corporation, for declaration of rights under Act No. 131, Pub. Acts 1935, amending 1 Comp. Laws 1929, § 2263, relative to representation of cities on board of supervisors. Decree for defendants. Plaintiffs appeal. Reversed.

*Walter S. Rae,* for plaintiffs.

*Sweetman G. Smith,* for defendants Board of Supervisors and County of Wayne.

*Raymond J. Kelly,* Corporation Counsel, and *James R. Walsh* and *John H. Witherspoon,* Assistants Corporation Counsel, for defendant City of Detroit.

FEAD, J. Plaintiffs, municipal corporations in Wayne county, filed petition for declaration of rights, particularly praying that Act No. 131, Pub. Acts 1935, providing for representation of cities upon county boards of supervisors, be declared unconstitutional. The court held the law valid.

Under 1 Comp. Laws 1929, § 2263, governing home rule cities, a graduated scale of representation of cities upon boards of supervisors, based upon population, was provided. Act No. 131 re-enacts section 2263 but adds a proviso which raises the question in the case:

"Provided, That in counties whose cities shall have a total representation upon their board of supervisors of seventy-five or more representatives under the aforesaid provisions, the number of representatives of cities on the board of supervisors in

such counties on and after the Tuesday following the second Monday in April, in the year nineteen hundred thirty-six, shall be as follows: Cities having less than fifteen thousand population shall have one representative on the board of supervisors of the county; cities having over fifteen thousand and not more than thirty thousand population shall have two representatives; cities having over thirty thousand and not more than sixty thousand population, shall have three representatives; cities having over sixty thousand and not more than one hundred thousand, shall have four representatives; cities having over one hundred thousand and not more than five hundred thousand population, shall be entitled to one additional representative for each additional fifty thousand population or fraction thereof; cities having five hundred thousand or more population shall be entitled to such number of representatives as will give such cities a representation equal to fifty-seven per cent. of the total number of representatives on the board of supervisors from all the cities and townships of such county, and for any fraction resulting in the determination of the number representing fifty-seven per cent. such city shall be entitled to one additional representative.''

It is conceded that Wayne county is the only county in the State which has 75 or more city members on its board of supervisors and Detroit is the only city having 500,000 or more population. The Wayne county board of supervisors has 151 members, of which Detroit has 79, a proportion of about 52 per cent. Under the proviso the total membership would be 83, Detroit with 47 members, or 57 per cent., and the proportionate representation of all plaintiffs would be reduced.

Plaintiffs contend the act (proviso) is invalid on several grounds, but we need consider only one—

that it violates article 5, § 30, of the Constitution of 1908:

"Sec. 30. The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act, excepting acts repealing local or special acts in effect January one, nineteen hundred nine and receiving a two-thirds vote of the legislature shall take effect until approved by a majority of the electors voting thereon in the district to be affected."

The legislature has enacted a number of laws upon a population basis and without referendum requirement, which, *in præsenti,* could apply only to the county of Wayne or the city of Detroit. Some of them have been before this court. The principles upon which they have been sustained as general laws or defeated as local acts are well established in this State and elsewhere.

The first test to be applied is whether population has a reasonable relation to the purpose of the statute. In *Mulloy* v. *Wayne County Board of Supervisors,* 246 Mich. 632, 635, the distinction is pointed out:

"Clearly, because of its provision as to population, the act applies to Wayne county only. If it is a reasonable and logical basis of classification, considering the subject of legislation, unquestionably a specified population may be made the test of the applicability of a general legislative act; and under such conditions the act will not be construed to be invalid as local legislation. *Hayes* v. *Auditor General,* 184 Mich. 39. But where the subject of legislation is such that population has no obvious relation to the purpose sought to be accomplished, an attempt

to make the application of the legislative act dependent on population is unwarranted and amounts to local legislation. *Attorney General, ex rel. Dingeman,* v. *Lacy,* 180 Mich. 329.''

Upon this test, statutes have been sustained in *People* v. *Brazee,* 183 Mich. 259 (L. R. A. 1916E, 1146), (larger license fees for private employment agencies); *Burton* v. *Koch,* 184 Mich. 250 (enlarged board of education); *Hayes* v. *Auditor General,* 184 Mich. 39 (salary of county agent); *Kates* v. *Reading,* 254 Mich. 158 (consolidating courts); and held invalid in *Attorney General, ex rel. Dingeman,* v. *Lacy,* 180 Mich. 329 (establishing domestic relations court).

The second test of a general law, based upon population, is that it shall apply to all other municipalities if and when they attain the statutory population. It must have—''an open end through which cities are automatically brought within its operation when they attain the required population.'' *Kates* v. *Reading, supra.*

The same idea is expressed, as quoted in *Mulloy* v. *Board of Supervisors, supra,* p. 638:

'' 'The classification must not be based upon existing circumstances only, but must be so framed as to include in the class additional members as fast as they acquire the characteristics of the class.' *Bingham* v. *Board of Supervisors of Milwaukee County,* 127 Wis. 344 (106 N. W. 1071).''

'' 'The classification should be prospective, calculated to embrace any change in population or circumstances, and should be complete, covering all kinds of subjects dealt with.' 36 Cyc. p. 1006.''

And in 59 C. J. p. 731:

''Where a law relates to a class, it must, in order to be regarded as a general law, be general in its

application to the class, it must operate uniformly as to all of the persons or subjects included and all of the class within like circumstances must come within its operation. Where the basis of classification is such that new members of the class may come into existence, the law must be so framed as to include them when they arrive.''

The constitutional provision cannot be circumvented by the subterfuge of couching a law in general terms. The statute must meet the tests through practical operation of its provisions. In *Mulloy* v. *Board of Supervisors, supra,* the act was held invalid because its terms could not be squared with automatic application to other counties as they should reach the provided population.

The probability or improbability of other counties or cities reaching the statutory standard of population is not the test of a general law. In the above cases the acts were sustained as general upon the hypothesis that other municipalities would attain the provided population. By the same token, it must be assumed here that other counties will have boards of supervisors with 75 city members and other cities in Wayne county and elsewhere will have 500,000 population. Unless the act works under such conditions, it is a local, not a general act.

It may be conceded that the proviso in Act No. 131 is general in the respect that it would apply to any county which shall attain 75 or more city members of the board of supervisors. But in other respects it has not the earmarks of a general law, designed to operate State-wide and under possible future as well as present actual conditions.

The 57 per cent. clause is not a reasonable use of population as a basis of a general law. It establishes an absolute representation on the board, re-

gardless of the relative population of the favored city to that of the county at large, and of the number and size of other cities in the county. The absolute standard imports a local act, based upon things as they are, and may be held reasonable only in a present, known situation. It is repugnant to the theory of a general law which operates upon things as they may be in the future.

In any event, the lack of indicia of a general law is conclusively shown by the failure of the act to provide for the possibility that two cities in the same county may have a population of 500,000 or over. Under the terms of the statute each would be entitled to 57 per cent. of the membership of the board.

It is said to be the purpose of the proviso to reduce the size of the board of supervisors in Wayne county because it is unwieldy. A laudable purpose does not validate unconstitutional means. The Constitution provides a method of attaining local objects through legislation with referendum to the people of the locality, in accord with the principle of local self-government. If a local benefit is sought without referendum, the law must be general in both terms and operation.

We must find that, in purpose and legal effect, Act No. 131 is a local act and is in violation of the Constitution because it does not provide for a referendum.

Decree will be reversed, but without costs, and one may be entered declaring the act invalid.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.