MONROE v. JUDGE OF POLICE COURT OF GRAND RAPIDS.

1. CONSTITUTIONAL LAW—STATUTES—CLASSIFICATION—POPULATION. While the character or subject matter of a general act may be such that it can be restricted or classified on a basis of population, that basis of classification is not proper or permissible except it can be said that population has some reasonable relation to the purpose of the statute (Const. 1908, art. 5, § 30).

2. SAME—STATUTES—DENIAL OF RIGHT OF APPEAL TO PARTY PLEADING GUILTY TO CRIMINAL CHARGE—CLASSIFICATION BASED ON POPULATION. Statutory denial of right of appeal to parties pleading guilty in police courts in cities with population of more than 100,000 and less than 200,000 held, violative of provision of Constitution that no local or special act shall be passed where a general act can be made applicable (Const. 1908, art. 5, § 30; 3 Comp. Laws 1929, § 16427).

3. Statutes—Local Acts—Constitutional Law—Subsequent General Acts.

A procedural provision contained in a local act enacted before the adoption of the present Constitution may be altered by the passage of a general act containing an inconsistent provision as to such procedure (Const. 1908, art. 5, § 30).

4. Same—Time for Appeal—Local Act—General Act.

Provision of local act limiting right of appeal from judgment or sentence of police court to 24 hours from pronouncement thereof was supplanted by inconsistent provision of subsequently enacted code of criminal procedure allowing a defendant in a criminal case 10 days after rendition of judgment within which to appeal (3 Comp. Laws 1929, §§ 16409, 17459).

5. Costs—Construction of Statutes.

No costs are allowed on appeal in nature of mandamus by prosecuting attorney to compel circuit judge to vacate order granting a defendant in a criminal prosecution in a city police court a right to appeal from sentence imposed after plea of guilty where construction of Constitution and statutes are involved (Const. 1908, art. 5, § 30; 3 Comp. Laws 1929, §§ 16409, 16427, 16459).

Appeal from Kent; Brown (William B.), J. Submitted January 5, 1945. (Docket No. 56, Calendar No. 42,872.) Decided April 9, 1945.

Plaintiff, Marceil Monroe, pleaded guilty in the Police Court of Grand Rapids. Motion to withdraw plea of guilty made and denied. Plaintiff's right to appeal denied. Plaintiff petitioned circuit court for certiorari. Claim of appeal allowed and return of certiorari treated as return on appeal. Defendant appeals. Affirmed.

*Fred P. Geib*, for plaintiff.

*Menso R. Bolt*, Prosecuting Attorney, and *Adrian W. Verspoor*, Assistant Prosecuting Attorney, for defendant.

North, J. Complaint was made in the police court of Grand Rapids charging Mrs. Marceil Monroe, plaintiff herein, with having committed assault and battery upon one Mary E. Miller. A warrant was issued for the arrest of the accused; and she thereafter appeared before the judge of the police court of Grand Rapids, and upon being informed as to the charge made against her pleaded guilty thereto. Thereupon Mrs. Monroe was sentenced to serve 45 days in the Kent county jail. Prior to the passing of the sentence the accused had not been represented by counsel. But on the same day sentence was passed (June 6, 1944), she obtained counsel who forthwith made an oral application that Mrs. Monroe be allowed to withdraw her plea of guilty, that the sentence imposed be set aside, and that the case be set for trial. This oral motion was denied. The next day a formal written motion was filed whereby the same relief was sought. Upon the expiration of the four days' notice of hearing given to the prosecuting attorney, this motion was heard and denied. Thereupon counsel for the accused applied to the circuit court of Kent county for a writ of certiorari, which was granted, and Mrs. Monroe, who theretofore had been denied bail by the judge of the police court, was released on her own recognizance. The return of the judge of the police court in the certiorari matter contains the following:

"That thereafter, and on the 12th day of June, 1944, * * * the said defendant for the first time did (orally) make a claim of appeal from the original sentence of the court. * *. * That thereafter, and on the 16th day of June, 1944, the said defendant did file in said court and cause written papers entitled 'Claim of right to appeal.' "

The meritorious question here presented is whether Marceil Monroe had, under the circum-

stances of this case, a right to appeal from her conviction in the police court to the circuit court of Kent county. For reasons hereinafter noted, the judge of the police court denied such right of appeal. Upon hearing the certiorari proceedings the circuit judge held:

"An order may be prepared vacating and holding for naught the order of the court below refusing petitioner-appellant Marceil Monroe the right to appeal and said order may further provide that the return of the records and files in the case of People of State of Michigan v. Marceil Monroe returned under the writ of certiorari herein may stand and be treated in this court as a return upon an appeal seasonably made and allowed in the court below, and that proceedings may be had in the circuit court * * * in the same manner as though an appeal had been properly and seasonably allowed and perfected as provided by the criminal code (code of criminal procedure) of the State of Michigan."

From the judgment entered in the circuit court in accordance with the foregoing finding, the prosecuting attorney has taken this appeal in the nature of mandamus praying that the circuit judge be ordered to set aside the judgment entered in the circuit court, and that the case be remanded to the police court of Grand Rapids for execution of sentence.

One of the grounds of this appeal is appellant's claim that after having pleaded guilty in the police court of Grand Rapids Mrs. Monroe had no right of appeal, this by reason of two statutory provisions hereinafter noted. One of these provided that a defendant who pleaded guilty to an offense in the police court should not have a right of appeal, and the other provided that in all criminal cases an appeal from the police court, if taken at all, must be taken and perfected within 24 hours after sentence

was pronounced. Appellee asserts that these provisions are not applicable to or controlling of the instant case.

The present Grand Rapids police court was created by Act No. 76, Pub. Acts 1879, and now functions under that act as amended (3 Comp. Laws 1929, § 16399 *et seq.* [Stat. Ann § 27.3711 *et seq.*]). The act is entitled: "An act to establish and organize a municipal court in the city of Grand Rapids to be known and called 'The police court of Grand Rapids.' " It is to be noted that Act No. 76, Pub. Acts 1879, was enacted prior to the adoption of the 1908 Michigan Constitution which by article 5, § 30, restricts the power of the legislature to pass so-called local acts. The validity of Act No. 76, Pub. Acts 1879, as amended prior to 1908, is not questioned on the ground of being violative of article 5, § 30, of the 1908 Michigan Constitution. At the time the 1908 Michigan Constitution became effective, the Grand Rapids police court act in section 7 provided:

"The practice in said court may be the same as practice in courts of justices of the peace in criminal cases, and the laws of this State relative to such practice, and the procedure before justices of the peace in criminal cases shall, except where herein otherwise provided, extend to said police court, so far as is consistent with the practice of said court." See 3 Comp. Laws 1929, § 16405 (Stat. Ann. § 27.3717).

Prior to the adoption of the 1908 Constitution there was no provision in the statutes that one who pleaded guilty in the Grand Rapids police court should have no right of appeal; nor has there ever been any direct amendment to the Grand Rapids police court act by which such a provision was attempted to be embodied therein.

However, the legislature of 1913 passed an act entitled: "An act to fix the term of office and the compensation of the judge, clerk and bailiff, and to limit the time for appeal of police courts in cities of this State of a population of not less than one hundred thousand inhabitants nor more than two hundred thousand inhabitants, and to repeal all other acts or parts of acts inconsistent with this act." See Act No. 353, Pub. Acts 1913. This act was amended by Act No. 132, Pub. Acts 1927 (3 Comp. Laws 1929, § 16422 *et seq.* [Stat. Ann. § 27.3741 *et seq.*]); and it is in section 6 of this amendatory act that the legislature embodied the provision: "That no appeal may be taken by any defendant who shall have been convicted upon a plea of guilty in said police court."

It should be noted that at the time Act No. 353, Pub. Acts 1913, and the amendment thereto of 1927 were passed the population of Grand Rapids was between 100,000 and 200,000; and therefore Grand Rapids came within the population limitations of these acts. It is by reason of this circumlocution in legislation that appellant now claims Mrs. Monroe after she entered her plea of guilty had no right of appeal. Appellee challenges the soundness of this contention on the ground that at least as to the quoted provision in the 1927 amendment the legislation is unconstitutional as being a local act not approved by the electors and pertaining to a subject matter to which a general act would be applicable.

This squarely presents the question of the constitutionality of the provision in section 6 of Act No. 353, Pub. Acts 1913, as amended by Act No. 132, Pub. Acts 1927 (3 Comp. Laws 1929, § 16427 [Stat. Ann. § 27.3746]), that one who enters a plea of guilty in a police court shall not have a right of appeal,

provided such police court is located in a city having a population of not less than 100,000 nor more than 200,000. As noted above, the pertinent constitutional provision is found in article 5, § 30, of the Michigan Constitution of 1908, which reads:

"The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act, excepting acts repealing local or special acts in effect January one, nineteen hundred nine and receiving a two-thirds vote of the legislature shall take effect until approved by a majority of the electors voting thereon in the district to be affected."

While the character or subject matter of a general act may be such that it can be restricted or classified on a basis of population, that basis of classification is not proper or permissible except it can be said that population has some reasonable relation to the purpose of the statute. *City of Dearborn* v. *Wayne County Board of Supervisors*, 275 Mich. 151. So the question arises on what reasonable basis can it be said that one who enters a plea of guilty in a police court in a city of this State having a population of less than 100,000 may appeal to a reviewing court, whereas if the population is between 100,000 and 200,000 the convicted person can have no such appeal; or in a city having a population of more than 200,000 the right of appeal exists but not in a city with a population between 100,000 and 200,000.

We are mindful that on this phase of the appeal appellant attempts to sustain the specified population as a proper basis of classification by noting, among other things, that under the statutory provisions the judges of the Grand Rapids police court

are required to be lawyers who are subject to the canons of ethics of the Michigan State Bar, while in an ordinary justice court such qualification of the presiding judge is not required; and that: "Cities with this prescribed classification have distinct problems in relation to the criminal law not found in country districts. The volume of cases before these courts exceeds by far the volume before a justice of the peace in a township." We are not well impressed that the foregoing or other circumstances noted disclose a just basis of classification such as would sustain the provision under consideration as a valid provision in a general legislative act. We are unable to see any distinction between the needs incident to this phase of the law in cities having a population between 100,000 and 200,000 and other cities having a population slightly less than 100,000 or more than 200,000. We conclude that the provision in section 6 of Act No. 353, Pub. Acts 1913, as amended by Act No. 132, Pub. Acts 1927, which reads: "That no appeal may be taken by any defendant who shall have been convicted upon a plea of guilty in said police court" is unconstitutional in that it violates article 5, § 30, of the Michigan Constitution of 1908. It follows that Mrs. Monroe's right to appeal was not affected by the statutory provision just above quoted.

Appellant further contends that Mrs. Monroe lost her right to appeal because any claim of appeal or attempt to appeal by her was belatedly made. In this particular appellant relies on Act No. 76, § 11, Pub. Acts 1879 (Grand Rapids police court act), as amended by Act No. 127, Pub. Acts 1885 (3 Comp. Laws 1929, § 16409 [Stat. Ann. § 27.3721]), which in part reads:

"Such defendant shall have the right of appeal, provided such appeal shall be taken and perfected

within twenty-four hours from the time of the court pronouncing its judgment or sentence, and certiorari from final judgment of said court, as provided by law for appeals and certiorari from final judgments of justices of the peace in criminal cases, such appeals being taken and perfected as hereinbefore in this section provided."

Mrs. Monroe did not take or perfect an appeal from the sentence imposed by the judge of the police court within 24 hours after sentence was pronounced. For that reason, appellant, as above noted, contends Mrs. Monroe lost the right of appeal.

As against appellant's contention, the appellee herein asserts that the above statutory provision of 24 hours within which the appeal must be taken has been supplanted by the provision in the code of criminal procedure allowing a defendant in a criminal case 10 days after the rendition of judgment within which to appeal. See 3 Comp. Laws 1929, § 17459 [Stat. Ann. § 28.1226]. Notwithstanding the 24-hour limitation within which an appeal may be taken is contained in the local act (as amended) under which the police court of Grand Rapids functions, since such provision is purely procedural the legislature had the power to alter it by passing a general act containing an inconsistent provision as to such procedure. *Kates* v. *Reading,* 254 Mich. 158. Such a change was brought about when the legislature passed the code of criminal procedure in 1927. The title to this act contains the following recitals:

"An act to revise, consolidate and codify the laws relating to criminal procedure and to define the jurisdiction, powers and duties of courts;  *  *  * to provide laws relative to the rights of persons accused of criminal offenses;  *  *  * to provide for trials of persons complained of or indicted for

criminal offenses and to provide for the procedure therein; to provide for judgments and sentences of persons convicted of criminal offenses; to provide for procedure relating to new trials, appeals, writs of error and bills of exception in criminal causes; \* \* \* to provide for the jurisdiction, powers, duties, and procedure of justices of the peace in criminal cases."

Section 1 of chapter 2 of the code of criminal procedure provides:

"The various courts and persons of this State now having jurisdiction and powers over criminal causes, shall have such jurisdiction and powers as are now conferred upon them by law, except as such jurisdiction and powers may be hereinafter repealed, enlarged or modified." 3 Comp. Laws 1929, § 17119 (Stat. Ann. § 28.844).

It is to be noted that the section just quoted applies to "the various courts" of this State having jurisdiction and powers in criminal causes. Obviously this provision includes the police court of Grand Rapids; and it follows, at least in procedural matters, that any former statutory provisions applicable to the Grand Rapids police court are "repealed, enlarged or modified" by any provision of different purport found in the code of criminal procedure. The conclusion follows that the above-noted limitation of 24 hours after sentence upon a defendant's right to appeal contained in the Grand Rapids police court act has been superseded by the 10-day limitation provided in chapter 14, § 34, of the code of criminal procedure. See 3 Comp. Laws 1929, § 17459 (Stat. Ann. § 28.1226).

The conclusion just above reached is further strengthened by the general repealing clause in the code of criminal procedure which reads: "All acts and parts of acts inconsistent with or contravening

the provisions of this act are hereby repealed." 3 Comp. Laws 1929, § 17512 (Stat. Ann. § 28.1277).

The circuit judge held that Mrs. Monroe was entitled to appeal and that the return "under the writ of certiorari herein may stand and be treated in this (circuit) court as a return upon an appeal seasonably made." The judgment entered accordingly. is affirmed; the relief sought in this mandamus proceeding denied; and the case remanded to the circuit court of Kent county for further proceedings therein. No costs.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.