## AIRPORT COMMUNITY SCHOOLS *v.* STATE BOARD OF EDUCATION

1. CONSTITUTIONAL LAW—SPECIAL LEGISLATION—POPULATION CLASSIFICATION—PURPOSE OF STATUTE.

   The fact that a legislative act contains a population classification which limits the present applicability of the act does not necessarily make the act local or special; the act is not local or special if the population classification has a reasonable relation to the purpose of the statute and the statute applies whenever the population classification is met (Const 1963, art 4, § 29).

2. CONSTITUTIONAL LAW—SPECIAL LEGISLATION—POPULATION CLASSIFICATION—RELATION TO STATUTORY PURPOSE—SCHOOL DISTRICT REORGANIZATION.

   The large number of high school students to be found in non-high-school districts in a populous area as opposed to the smaller number in a less populous area, and the improbability of relief through annexation or consolidation establish a reasonable relationship between a population classification and statutory purpose in a statute providing for reorganization of school districts which applies only to counties with a population of 1,000,000 or more; therefore the statute is not unconstitutional as special legislation (Const 1963, art 4, § 29. MCLA § 388.711 *et seq.*, as added by PA 1967, No 239 and amended by PA 1968, No 130).

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 May 8, 1969, at Lansing. (Docket No. 5,881.) Decided May 29, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16 Am Jur 2d, Court L § 511.
47 Am Jur, Schools §§ 10, 17.
50 Am Jur, Statutes §§ 7, 9.

Complaint by Airport Community Schools, a municipal corporation, and certain private citizens against the state board of education, and its officials, to enjoin a school district reorganization pursuant to PA 1967, No 239. Defendants' motion for summary judgment granted. Plaintiffs appeal. Affirmed.

*Griffin & Griffin,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky, Francis J. Carrier,* and *Gerald F. Young,* Assistant Attorneys General, for defendants.

BEFORE: LESINSKI, C. J., and QUINN and DAN-HOF, JJ.

QUINN, J. Plaintiffs filed this action to test the constitutionality of PA 1967, No 239, MCLA § 388-.711 *et seq.* (Stat Ann 1968 Cum Supp § 15.2299[51] *et seq.*). June 14, 1968, the trial court granted defendants' motion for summary judgment and plaintiffs appeal.

The act involved deals with emergency reorganization of primary and fourth class school districts not maintaining high schools lying wholly in, or the major part of the territory of which lies wholly in, a county of more than 1,000,000 population. By its terms, the act was not effective after July 1, 1968. PA 1967, No 239, § 11. As amended by PA 1968, No 130, § 2, the limitation on the term of the effectiveness of the act was repealed and it was made effective without limit. Plaintiff school district lies wholly in Monroe county and the individual plaintiffs are resident taxpayers of the district,

It is plaintiffs' position that by its terms, Act 239 applies only to school districts in Wayne county, and, therefore, it is a local and special act in violation of Const 1963, art 4, § 29,* because a general act could have been made applicable and the voters of the district did not approve the act.

The fact that a legislative act contains a population classification which limits the present application of the act does not necessarily make the act local or special. If the population classification has a reasonable relation to the purpose of the statute and the statute applies whenever the population classification is met, an act containing such a classification is not thereby made local or special. *City of Dearborn* v. *Wayne County Board of Supervisors* (1936), 275 Mich 151; *Chamski* v. *Wayne County Board of Auditors* (1939), 288 Mich 238; *The Irishman's Lot, Inc.* v. *Secretary of State* (1954), 338 Mich 662.

As amended, Act 239 applies to all counties attaining a population of more than 1,000,000.

The large number of high school students to be found in non-high school districts in a populous area as opposed to the smaller number in a less populous area and the improbability of relief through annexation or consolidation establish the reasonable relation of the population classification to the purpose of the statute.

The substantial questions of fact on which plain tiffs rely in support of their contention that sum

---

* "The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act shall take effect until approved by two-thirds of the members elected to and serving in each house and by a majority of the electors voting thereon in the district affected. Any act repealing local or special acts shall require only a majority of the members elected to and serving in each house and shall not require submission to the electors of such district."

mary judgment was improper do not relate to the legal issue that disposes of this appeal.

Affirmed but without costs; a public question is involved.

All concurred.