*Michigan Supreme Court*
*Lansing, Michigan 48909*

# *Opinion*

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 17, 2002**

STATE OF MICHIGAN, et al.,

     Plaintiffs-Appellees,

and

CITY COUNCIL FOR THE CITY OF
DETROIT, et al.,

     Intervening Counter-
     Plaintiffs-Appellees,

v                               Nos. 121918, 121919

WAYNE COUNTY CLERK, and WAYNE
COUNTY ELECTION COMMISSION,

     Defendants-Appellees,

and

THE DETROIT ELECTION COMMISSION,

     Defendant-Appellant.
_____

STATE OF MICHIGAN, et al.,

     Plaintiffs-Appellees,

and

CITY COUNCIL FOR THE CITY OF
DETROIT, et al.,

 Intervening Counter-
 Plaintiffs-Appellants,

v           Nos. 121938, 121939

WAYNE COUNTY CLERK, WAYNE COUNTY
ELECTION COMMISSION, and THE
DETROIT ELECTION COMMISSION,

 Defendants-Appellees.
_____

MEMORANDUM OPINION

In 2002 PA 432, the Legislature directed the city of Detroit to place on the August 6, 2002, ballot a proposal to change from the current at-large system of electing the city council to a single-member district plan. However, the Detroit Election Commission declined to certify the measure for inclusion on the ballot. The plaintiffs brought this action in circuit court seeking mandamus, and the circuit court ordered the proposition placed on the ballot. Claims of appeal were filed by the Election Commission and by the Detroit City Council and its incumbent members, who had been permitted to intervene. After the Court of Appeals denied motions for expedited consideration, they filed applications for leave to appeal to this Court before decision by the Court of Appeals.

We conclude that the statute does not validly direct placement of the proposition on the ballot because it was not passed by a two-thirds vote in each house of the Legislature,

2

as required by Const 1963, art 4, § 29.  We therefore reverse the judgment of the circuit court.

Act 432 amends the Home Rule City Act by adding MCL 117.3a, which includes the following provision:

> (1) A city that has a population of not less than 750,000 as determined by the most recent federal decennial census and that has a city council composed of 9 at-large council members shall place a question in substantially the following form on the ballot at the general primary election held on Tuesday, August 6, 2002:
>
> "Shall the existing 9-member at-large council be abolished, shall the city be reapportioned into 9 single-member election districts, and shall district residency requirements be imposed on candidates for the city council?
>
> "Yes (_____)
>
> "No (_____)."

One of the challenges raised by the appellants is a claim that the act violates art 4, § 29, which provides:

> The legislature shall pass no local or special act in any case where a general act can be made applicable and whether a general act can be made applicable shall be a judicial question.  No local or special act shall take effect until approved by two-thirds of the members elected to and serving in each house and by a majority of the electors voting thereon in the district affected.

The statute does not refer by name to the city of Detroit, but rather purports to apply to any city with a population of more than 750,000 that has a nine-member at-large elected city council.  However, at present, only the city of Detroit meets that population criterion.  Such population-based statutes have been upheld against claims that

3

they constitute local acts where it is possible that other municipalities or counties can qualify for inclusion if their populations change. *Dearborn v Wayne Co Bd of Supervisors*, 275 Mich 151, 155-157; 266 NW 304 (1936); *Irishman's Lot, Inc v Secretary of State*, 338 Mich 662, 666-668; 62 NW2d 668 (1954). However, where the statute cannot apply to other units of government, that is fatal to its status as a general act. See *Mulloy v Wayne Co Bd of Supervisors*, 246 Mich 632, 637-640; 225 NW 615 (1929); *Avis Rent-A-Car System, Inc v City of Romulus*, 400 Mich 337, 345; 254 NW2d 555 (1977).

In this case, the statute plainly fails to qualify as a general act. Even if another city reaches a population of 750,000, and has a nine-member at-large council, Act 432 would not apply because of its requirement that the proposition appear on the ballot at the August 6, 2002, election. No other city can meet that requirement because there will be no new census before that date.

The plaintiffs argue that the art 4, § 29 claim is a substantive challenge to the proposed law, and thus not ripe for review until after the law is enacted, citing *Hamilton v Secretary of State*, 212 Mich 31; 179 NW 553 (1920), *Ferency v Bd of State Canvassers*, 198 Mich App 271; 497 NW2d 233 (1993), and *Beechnau v Secretary of State*, 42 Mich App 328; 201 NW2d 699 (1972). However, unlike the situations in those cases, the appellants are not claiming that, if enacted, the statute

4

proposed by the Legislature would be unconstitutional. Rather, the challenge is that Act 432 is a local act, which requires a two-thirds vote in both houses of the Legislature. It did not receive such a vote in the House of Representatives.[1] Thus, the act does not satisfy the requirements for placing the proposition on the ballot.[2]

Accordingly, we reverse the judgment of the Wayne Circuit Court, and order that the plaintiffs' complaint for mandamus be dismissed. The defendants shall take whatever steps they deem appropriate to inform prospective voters that the

---

[1] The measure did receive a two-thirds vote in the Senate. 2002 Journal of the Senate 1501 (No. 53, June 5, 2002). However, it was approved by only a 67 to 37 vote in the House. 2002 Journal of the House 1776 (No. 51, May 29, 2002).

[2] In response to the order to show cause that we issued on July 12, 2002, the plaintiffs essentially concede that Act 432 is a local act. They maintain, however, that Const 1963, art 4, § 29 does not require that the approval by two-thirds majorities in each house of the Legislature occur before the vote of the electors in the affected district. However, we read art 4, § 29 as requiring a two-thirds vote of each house of the Legislature to approve the local act for placement on the ballot in the community affected.

In addition, the state's interpretation of the constitution is flawed in at least the following respects: (a) it would alter the sequence by which local or special acts take effect under art 4, § 29, a sequence that is expressly set forth in that provision,(b) it would transform the two-step process specified in art 4, § 29 into an apparently three-step process, and (c) it would create an open-ended and indefinite process under art 4, § 29 by which the Legislature could "ratify" a local vote many years after the local vote had occurred within the affected district.

5

proposition has been removed from the ballot by court order and that votes on it will not be counted.

Pursuant to MCR 7.317(C)(4), the clerk is directed to issue the judgment order in this case forthwith.

**CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.**

6