OWCZAREK v STATE OF MICHIGAN

Docket No. 273322. Submitted August 3, 2007, at Grand Rapids. Decided
September 11, 2007, at 9:05 a.m. Leave to appeal sought.

Thomas Owczarek and others brought an action in the Court of
Appeals seeking a declaratory judgment that the state of Michigan
and others failed to meet their constitutional funding obligations
by not reimbursing the plaintiffs for the costs of complying with
amendments of the Revised School Code, MCL 380.1 *et seq.*, that
require criminal background checks to be conducted on school
employees and prescribe procedures to implement when a back-
ground check reveals that an employee was convicted of a felony or
certain misdemeanors. The plaintiffs moved for summary disposi-
tion pursuant to MCR 2.116(C)(9) on the basis that the defendants
failed to plead a valid defense.

The Court of Appeals *held*:

1. The legislative mandate requiring schools to request and
secure criminal background checks for employees is not an activity
or service within the meaning of § 29 of the Headlee Amendment,
Const 1963, art 9, §§ 25 through 34, because the onus is on
prospective and current employees to supply the Michigan State
Police (MSP) with fingerprints and written consent to conduct the
background check. Although the MSP charges a fee for conducting
the background check and processing the fingerprints, nothing in
the statute indicates who must pay the fee, which leaves the issue
to be decided through the collective bargaining process.

2. The statutory provisions that require schools to make indi-
viduals whole for wrongfully discontinued compensation do not
unconstitutionally shift state responsibilities to local school dis-
tricts, because local school districts traditionally bear the financial
burden of paying lost compensation for wrongful discharge or
suspension, and remedies for wrongful discharge are generally
governed by collective bargaining agreements.

Summary disposition granted to the defendants.

SCHOOLS — CONSTITUTIONAL LAW — HEADLEE AMENDMENT — REVISED SCHOOL
CODE — CRIMINAL BACKGROUND CHECKS.

The legislative mandates requiring schools to request and secure

criminal background checks for employees and to provide lost compensation for those employees wrongfully suspended or discharged as a result of such checks are not activities or services that require state funding within the meaning of the Headlee Amendment (Const 1963, art 9, § 29; MCL 380.1230, 380.1535a, 380.1539b).

*Thrun Law Firm, P.C.* (by *Dennis R. Pollard, Richard E. Kroopnick,* and *Daniel L. Villaire, Jr.),* for the plaintiffs.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Jane O. Wilensky, Robert A. Dietzel,* and *D.J. Pascoe,* Assistant Attorneys General, for the defendants.

Before: KELLY, P.J. and MARKEY and METER, JJ.

PER CURIAM. This is an original taxpayer action brought pursuant to MCR 2.605, MCR 7.216(A)(7), and § 32 of the Headlee Amendment, Const 1963, art 9, §§ 25 through 34. Plaintiffs seek a declaratory judgment that defendants have failed to meet their funding obligations under § 29 of the Headlee Amendment by not reimbursing plaintiffs for the costs of complying with certain amendments to the Revised School Code, MCL 380.1 *et seq.* For the reasons stated herein, we deny plaintiffs' motion for summary disposition, grant defendants summary disposition pursuant to MCR 2.116(I)(2), and dismiss this case with prejudice. The motion to expedite is denied as moot.

### I. BACKGROUND

Plaintiffs consist of 465 taxpayers who reside within the geographical boundaries of the 461 school districts, one public school academy, and three intermediate school districts. Plaintiffs seek a declaratory judgment

from this Court that the state has failed to honor its funding obligations under the second sentence of § 29 of the Headlee Amendment, which states in context:

> The state is hereby prohibited from reducing the state financed proportion of the necessary costs of any existing activity or service required of units of Local Government by state law. *A new activity or service or an increase in the [level] of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is made and disbursed to pay the unit of Local Government for any necessary increased costs.* The provision of this section shall not apply to costs incurred pursuant to Article VI, Section 18. [Emphasis added.]

Section 34 of the Headlee Amendment obligates the Legislature to implement §§ 25 through 33. Pursuant to this constitutional grant of authority, the Legislature enacted 1979 PA 101, MCL 21.231 *et seq.*, which includes definitions for terms used in the Headlee provisions. According to MCL 21.232(1),

> "[a]ctivity" means a specific and identifiable administrative action of a local unit of government. The provision of a benefit for, or the protection of, public employees of a local unit of government is not an administrative action.

And according to MCL 21.234(1),

> "[s]ervice" means a specific and identifiable program of a local unit of government which is available to the general public or is provided for the citizens of the local unit of government. The provision of a benefit for, or the protection of, public employees of a local unit of government is not a program.

Plaintiffs contend that defendants violated § 29 of the Headlee Amendment by failing to reimburse plaintiff school districts for the "necessary increased costs" associated with carrying out activities and services

mandated by 2005 PA 129 and 2005 PA 130. 2005 PA 129 amended the Revised School Code by altering the language of MCL 380.1230, which was first added to the Revised School Code by 1992 PA 99. As amended by 2005 PA 129, MCL 380.1230 provides in pertinent part:

> (1) Except as otherwise provided in this section, upon an offer of initial employment being made by the board of a school district or intermediate school district or the governing body of a public school academy or nonpublic school to an individual for any full-time or part-time employment or when school officials learn that an individual is being assigned to regularly and continuously work under contract in any of its schools, the district, public school academy, or nonpublic school shall request from the criminal records division of the department of the state police a criminal history check on the individual and, before employing the individual as a regular employee or allowing the individual to regularly and continuously work under contract in any of its schools, shall have received from the department of state police the report [of the results of the criminal history check] described in subsection (8).

Before the amendment by 2005 PA 129, MCL 380.1230(1) required pre-employment criminal background checks on individuals offered "a position as a teacher or a school administrator or for a position requiring state board approval . . . ." 2005 PA 129 deleted this language and substituted the language: "for any full-time or part-time employment or when school officials learn that an individual is being assigned to regularly and continuously work under contract in any of its schools . . . ."

2005 PA 130 amended the Revised School Code by adding § 1230g and by amending §§ 1535a and 1539b. Section 1230g provided[1] as follows, in pertinent part:

---

[1] MCL 380.1230g has since been further amended by 2006 PA 84 and 2006 PA 680; these amendments do not affect our analysis.

(1) Not later than July 1, 2008, the board of a school district or intermediate school district, the board of directors of a public school academy, or the governing body of a nonpublic school shall do both of the following for each individual who, as of January 1, 2006, is either a full-time or part-time employee of the school district, intermediate school district, public school academy, or nonpublic school or is assigned to regularly and continuously work under contract in any of its schools:

(a) Request from the criminal records division of the department of state police a criminal history check on the individual.

(b) Request the department of state police to conduct a criminal records check on the individual through the federal bureau of investigation. The board, board of directors, or governing board shall require the individual to submit his or her fingerprints to the department of state police for the purpose of this subdivision. The department of state police may charge a fee for conducting the criminal records check. [MCL 380.1230g.]

School districts, intermediate school districts, public school academies and nonpublic schools are to use the results of this criminal history and record check only for the purposes of evaluating an individual's qualifications for employment or assignment in his or her position. MCL 380.1230g(6); see also MCL 380.1535a(3) and MCL 380.1539b(3). Pursuant to MCL 380.1230g(8), if the results of a criminal history and record check reveal that an individual has been convicted of an offense listed in § 2 of the sex offenders registration act, MCL 28.722,

then the school district, intermediate school district, public school academy, or nonpublic school shall not employ the individual in any capacity, as provided under section 1230c, and shall not allow the individual to regularly and continuously work under contract in any of its schools. If the results received by a school district, intermediate school

district, public school academy, or nonpublic school . . . disclose that an individual has been convicted of a felony other than a listed offense, then the school district, intermediate school district, public school academy, or nonpublic school shall not employ the individual in any capacity or allow the individual to regularly and continuously work under contract in any of its schools unless the superintendent or chief administrator and the board or governing body of the school district, intermediate school district, public school academy, or nonpublic school each specifically approve the employment or work assignment in writing.

Further, if the required background check reveals that any teacher then employed by a school district has been convicted of a felony or certain misdemeanors listed in MCL 380.1535a(1)(b), then the following procedures and consequences ensue:

(1) Subject to subsection (2), if a person who holds a teaching certificate that is valid in this state has been convicted of a crime described in this subsection, within 10 working days after receiving notice of the conviction the superintendent of public instruction shall notify the person in writing that his or her teaching certificate may be suspended because of the conviction and of his or her right to a hearing before the superintendent of public instruction. The hearing shall be conducted as a contested case under the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328. If the person does not avail himself or herself of this right to a hearing within 15 working days after receipt of this written notification, the teaching certificate of that person shall be suspended. If a hearing takes place, the superintendent of public instruction shall complete the proceedings and make a final decision and order within 120 working days after receiving the request for a hearing. Subject to subsection (2), the superintendent of public instruction may suspend the person's teaching certificate based upon the issues and evidence presented at the hearing. . . .

(2) If a person who holds a teaching certificate that is valid in this state has been convicted of a crime described in this subsection, the superintendent of public instruction shall find that the public health, safety, or welfare requires emergency action and shall order summary suspension of the person's teaching certificate under section 92 of the administrative procedures act of 1969, 1969 PA 306, MCL 24.292, and shall subsequently provide an opportunity for a hearing as provided under that section. . . .

* * *

(4) If a person who has entered a plea of guilt[y] or no contest to or who is the subject of a finding of guilt by a judge or jury of a crime listed in subsection (2) has been suspended from active performance of duty by a public school, school district, intermediate school district, or nonpublic school during the pendency of proceedings under this section, the public school, school district, intermediate school district, or nonpublic school employing the person shall discontinue the person's compensation until the superintendent of public instruction has made a final determination of whether or not to suspend or revoke the person's teaching certificate. . . . [MCL 380.1535a.]

If an individual's compensation is discontinued and, thereafter, the Superintendent of Public Instruction decides not to suspend or revoke the individual's teaching certificate, or if the individual's conviction is reversed on final appeal, then the public school, school district, intermediate school district, or nonpublic school must reinstate the individual with full rights and benefits to the position he or she would have had if he or she had been continuously employed and make the individual "whole for lost compensation." MCL 380.1535a(4); MCL 380.1535a(6)(b) and (c).[2]

---

[2] MCL 380.1539b(1), (2), (4), and (6) mirror the provisions of MCL 380.1535a(1), (2), (4), and (6), but apply to a person who holds a position pursuant to state board approval.

Plaintiffs contend that 2005 PA 129 and 2005 PA 130 mandate "activities" or "services" under § 29 of the Headlee Amendment. They request summary disposition, pursuant to MCR 2.116(C)(9), asserting that defendants have failed to state a valid defense.

## II. STANDARDS OF REVIEW

"Summary disposition under MCR 2.116(C)(9) is proper if a defendant fails to plead a valid defense to a claim." *Village of Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000). "A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true." *Id.* If the defenses are " ' "so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery," ' " then summary disposition under this subrule is appropriate. *Domako v Rowe*, 184 Mich App 137, 142; 457 NW2d 107 (1990), quoting *City of Hazel Park v Potter*, 169 Mich App 714, 718; 426 NW2d 789 (1988), quoting *Hanon v Barber*, 99 Mich App 851, 854-855; 298 NW2d 866 (1980). MCR 2.116(I)(2) permits a court to enter judgment for the party opposing a motion for summary disposition "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment."

## III. ANALYSIS

In response to plaintiffs' motion for summary disposition, defendants assert that the complained-of requirements imposed on plaintiff school districts are not within the purview of § 29 of the Headlee Amendment. We agree.

Under the definitions of "activity" in MCL 21.232(1) and "service" in MCL 21.234(1), the legislative mandate

to request and secure criminal background checks is not an "activity" or "service" under § 29 of the Headlee Amendment. The mandate requires plaintiff school districts to request action on the part of prospective and current employees. The onus is on the prospective and current employees as a condition of employment to supply the Michigan State Police with fingerprints and written consent to conduct the background check. MCL 380.1230(1), (6); MCL 380.1230g(1), (4). Section 1230g(1)(b) authorizes the State Police to "charge a fee for conducting the criminal records check." And, according to evidence submitted by plaintiffs, the State Police charge "a $16 fee to capture and transmit the fingerprints, which is in addition to the $54 cost for processing the fingerprints through the state's criminal history records maintained by the MSP and the federal records maintained by the Federal Bureau of Investigation." But § 1230g(1)(b) does not direct the school districts to pay the fee. Nor does it direct the applicants or current employees to pay the fee. The absence of legislative direction regarding which party must pay the fees associated with the background check reflects the fact that "conditions of employment" fall within the traditional scope of collective bargaining, *Bay City Ed Ass'n v Bay City Pub Schools*, 430 Mich 370, 375-376; 422 NW2d 504 (1988), and acknowledges that the issue of who pays the fees must be decided by the parties engaged in collective bargaining. For these reasons, we conclude that the legislative mandate to request and secure criminal background checks is not an "activity" or "service" within the meaning of § 29 of the Headlee Amendment.

Nor is the mandate that school districts pay employees' compensation lost as a consequence of suspension or termination a state-mandated "activity" or "service." The mandate creates nothing more than an entitlement

to back pay, i.e., an award of accrued but uncollected salary or wages, Black's Law Dictionary (5th ed), p 126. Back pay is traditionally a remedy awarded to employees who are wrongfully discharged or disciplined. See, e.g., *Phillips v Butterball Farms Co, Inc (After Second Remand)*, 448 Mich 239, 253-254; 531 NW2d 144 (1995). The Legislature has merely codified an existing traditional remedy for the protection of a public employee whose termination or suspension under 2005 PA 130 is subsequently vacated. The back-pay requirement is not an "activity" or a "service" under § 29 of the Headlee Amendment.

Plaintiffs contend that any application of MCL 21.232(1) and MCL 21.234(1) that precludes the school districts from receiving reimbursement from the state for lost compensation paid pursuant to 2005 PA 130 renders MCL 21.232(1) and MCL 21.234(1) unconstitutional. Plaintiffs correctly observe that, although entitled to respectful consideration, these statutory definitions of constitutional terms are not binding unless and only to the extent that the legislative definitions are consistent with the result achieved by applying established principles of constitutional law to the same interpretative task. See *Durant v State Bd of Ed*, 424 Mich 364, 391-392; 381 NW2d 662 (1985). In other words, "[t]he state may not avoid the clear requirements of art 9, § 29 either by specific statute or by implementation of definitions adverse to the mandate of the people." *Id.* at 392.

"Headlee, at its core, is intended to prevent attempts by the Legislature 'to shift responsibility for services to the local government . . . in order to save the money it would have had to use to provide the services itself.' " *Adair v Michigan*, 470 Mich 105, 112; 680 NW2d 386 (2004), quoting *Judicial Attorneys Ass'n v Michigan*,

460 Mich 590, 602-603; 597 NW2d 113 (1999). The lost-compensation requirement of 2005 PA 130 does not result in any shifting of state responsibilities to the local school districts. Local school districts traditionally bear the financial burden of paying lost wages and salaries in cases involving the wrongful discharge or suspension of an employee. Indeed, employees of public school systems are traditionally covered by collective bargaining agreements, which govern wages, hours and other terms and conditions of employment, see e.g., *Bay City Ed Ass'n, supra* at 375-376, and which likely contain provisions governing remedies for wrongful discharge or disciplinary suspension. 2005 PA 130 essentially acknowledges the economic reality of the employer-employee relationship, as reflected in MCL 380.1535a(4) and MCL 380.1539b(4), which address application of the lost compensation requirement, stating:

> However, if a collective bargaining agreement is in effect . . . for employees of a school district, intermediate school district, or public school academy, and if the terms of that collective bargaining agreement are inconsistent with this subsection, then this subsection does not apply to that school district, intermediate school district, or public school academy until after the expiration of that collective bargaining agreement.

Therefore, we reject plaintiffs' assertion that our application of MCL 21.232(1) and 21.234(1) renders them unconstitutional.

Plaintiffs' motion for summary disposition is denied. Summary disposition is granted to defendants pursuant to MCR 2.116(I)(2). The motion to expedite is denied as moot.